UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

YONA SHAPOSHNIK and
PRISTINE MACHINE, LLC,
   Plaintiffs,

Case No.: 2:16-CV-13945

v.

Honorable Victoria A. Roberts

HP ENTERPRISE SERVICES, LLC,
   Defendant.

**Demand For Jury Trial**

_____

**Plaintiffs' Reply to HP Enterprise Services, LLC's Answer, and Answer to Counterclaims with Claims for Affirmative Defenses**

_____

**Plaintiffs Reply To Defendant's Answer and**

**<u>Claims for Affirmative and Other Defenses and Counter Claims</u>**

Plaintiffs, Yona Shaposhnik and Pristine Machine, LLC ("Pristine Machine"), by and through its undersigned counsel, hereby file its Reply to the Affirmative and other Defenses filed by Defendant HP Enterprise Services, LLC ("HPES") against Plaintiffs.

1. **<u>Answer</u>**: Plaintiffs deny that Defendant is entitled to the affirmative defense or other defenses requested in paragraph 1, and denies the allegations in paragraph 1.

2. **<u>ANSWER</u>**: Plaintiffs deny that Defendant is entitled to any of the relief

1

requested in paragraph 2, has not stated a valid legal position for the assertion in paragraph 2, and denies the allegations in paragraph 2 as untrue.

3.   **ANSWER**:  Plaintiffs deny the allegations in paragraph 3.

4.   **ANSWER**: Plaintiffs deny that Defendant is entitled to the affirmative defense or other defenses requested in paragraph 4, and denies the allegations in paragraph 4.

5.   **ANSWER**:  Plaintiffs deny that Defendant is entitled to the affirmative defense or other defenses requested in paragraph 5, and denies the allegations in paragraph 5.

6.   **ANSWER**:  Plaintiffs deny that Defendant is entitled to the affirmative defenses or other defenses requested in paragraph 6, deny the allegations in paragraph 6, and due to the lack of any statements to support the assertions have waived the defenses.

7.   **ANSWER**:   Plaintiffs deny that Defendant is entitled to the affirmative defenses or other defenses requested in paragraph 7, deny the allegations in paragraph 7, and due to the lack of any statements to support the assertions have waived the defenses.

8.   **ANSWER**:  Plaintiffs deny that Defendant is entitled to the affirmative defense or other defenses requested in paragraph 8, and denies the allegations in paragraph 8.

# Plaintiffs' Answer To HP Enterprise Services, LLC's Counterclaims and Claims for Affirmative and Other Defenses

Plaintiffs, Yona Shaposhnik and Pristine Machine, LLC ("Pristine Machine"), by and through its undersigned counsel, hereby file its answer to the counterclaims filed by Defendant HP Enterprise Services, LLC ("HPES") against Plaintiffs and its affirmative defenses.

Plaintiffs object to the amended counter claims as improperly filed in contravention of the Court's scheduling order (doc 23) dated May 10, 2017, which set a deadline of June 1 to Amend. To the extent that an answer is due the Plaintiff's answer as follows.

1. **ANSWER**: Plaintiffs admit.

2. **ANSWER**: Plaintiffs admit.

3. **ANSWER**: Based upon information and belief, Plaintiffs admit.

4. **ANSWER**: Based upon information and belief, Plaintiffs admit.

5. **ANSWER**: Based upon information and belief, Plaintiffs admit.

6. **ANSWER**: Plaintiffs admit.

7. **ANSWER**: Plaintiffs admit.

8. **ANSWER**: Plaintiffs admit.

9. **ANSWER**: The term "Electronic Data Systems" does not properly identify a specific company and therefore Plaintiffs deny the allegations in paragraph 9

other than as set forth below. Mr. Shaposhnik is a former employee of HPES, Electronic Data Systems, LLC and Electronic Data Systems Corporation. The Plaintiffs also deny that Electronic Data Systems Corporation, LLC is a "Predecessor" of HPES.

10. **ANSWER**: Plaintiffs lack sufficient information at this time and therefore deny the allegations in paragraph 10. In addition the term "EDS" does not properly identify a single company and therefore Plaintiffs deny the allegations in paragraph 10.

11. **ANSWER**: The term "EDS" does not properly identify a single company and therefore Plaintiffs deny the allegations in paragraph 11. Plaintiffs admit that Mr. Shaposhnik was employed as an information systems architect by Electronic Data Systems Corporation, Electronic Data Systems, LLC and HPES.

12. **ANSWER**: Plaintiffs deny the allegations in paragraph 12.

13. **ANSWER**: Plaintiffs deny the allegations in paragraph 13.

14. **ANSWER**: The document speaks for itself. The Plaintiffs otherwise deny the allegations in paragraph 14.

15. **ANSWER**: The term "EDS" does not properly identify a single company. Plaintiffs deny the allegations in paragraph 15.

16. **ANSWER**: The document speaks for itself. Plaintiffs otherwise deny the allegations in paragraph 16.

17. **ANSWER**: Plaintiffs deny the allegations in paragraph 17.

18. **ANSWER**: The document speaks for itself. Plaintiffs otherwise deny the allegations in paragraph 18.

19. **ANSWER**: The document speaks for itself. Plaintiffs deny the allegations in paragraph 19.

20. **ANSWER**: Plaintiffs deny the allegations in paragraph 20.

21. **ANSWER**: Plaintiffs deny the allegations in paragraph 21.

22. **ANSWER**: Plaintiffs deny the allegations in paragraph 22.

23. **ANSWER**: Plaintiffs deny the allegations in paragraph 23.

24. **ANSWER**: Plaintiffs lack knowledge or information sufficient to form a belief about the truth of an allegation 24 and therefore deny the allegations. To the extent Defendant is trying to infer an obligation upon Mr. Shaposhnik regarding HP's "Standards of Business Conduct", the Plaintiffs also deny the allegations in paragraph 24 as untrue.

25. **ANSWER**: Plaintiffs lack knowledge or information sufficient to form a belief about the truth of an allegations in paragraph 25 and therefore deny the allegations. To the extent Defendant is trying to infer an obligation upon Mr. Shaposhnik regarding HP's "Standards of Business Conduct", the Plaintiffs also deny the allegations in paragraph 25 as untrue.

26. **ANSWER**: Plaintiffs admit that Mr. Shaposhnik was presented with a

unilateral attempted change in business policy in 2015, but deny the rest of the allegations in paragraph 26.

27. **ANSWER**: Plaintiffs admit the allegations in paragraph 27.

28. **ANSWER**: Plaintiffs deny the allegations in paragraph 28 except to the extent that Mr. Shaposhnik is now the registered agent for Pristine Machine and a member.

29. **ANSWER**: Plaintiffs lack knowledge or information sufficient to form a belief about the truth of allegation 29 and therefore deny the allegations. To the extent that Defendant is trying to infer an obligation on Mr. Shaposhnik to "obtain prior written consent", the Plaintiffs also deny the allegations in paragraph 29 as untrue.

30. **ANSWER**: Plaintiffs admit the allegations in paragraph 30.

31. **ANSWER**: Plaintiffs admit Mr. Shaposhnik through counsel filed an application for patent number 8,843,926 on June 11, 2012 which date coincided with him also be employed in his day job with HPES.

32. **ANSWER**: Plaintiffs lack knowledge or information sufficient to form a belief about the truth of the allegation stated in paragraph 32 and therefore deny. To the extent that Defendant is trying to infer an obligation on Mr. Shaposhnik to "disclose to HPES in writing his initial application", the Plaintiffs also deny the allegations in paragraph 32.

33. **ANSWER**: Plaintiffs deny the allegations in paragraph 33.

34. **ANSWER**: Plaintiffs deny the allegations in paragraph 34.

35. **ANSWER**: Plaintiffs lack knowledge or information sufficient to form a belief about the truth of the allegation stated in paragraph 35 and therefore deny. To the extent that Defendant is trying to infer an obligation on Mr. Shaposhnik requiring "permission", the Plaintiffs also deny the allegations in paragraph 35.

36. **ANSWER**:  Plaintiffs admit to the allegations in paragraph 36.

37. **ANSWER**: Plaintiffs deny that HPES asked Mr. Shaposhnik to "assign" patent number 8,843,926 to HPES and therefore neither refused nor agreed to assign the patent.

38. **ANSWER**:  Plaintiffs deny the allegations in paragraph 38.

39. **ANSWER**: Plaintiffs deny the allegations in paragraph 39.

40. **ANSWER**: Plaintiffs admit to the allegations in paragraph 40.

41. **ANSWER**:  Plaintiffs admit that Mr. Shaposhnik through counsel filed an application for patent which later issued as patent number 9,219,937 on June 11, 2012, which date coincided with him also be employed in his day job with HPES.

42. **ANSWER**:  Plaintiffs lack knowledge or information sufficient to form a belief about the truth of the allegations stated in paragraph 42 and therefore deny. To the extent that Defendant is trying to infer an obligation on Mr. Shaposhnik to disclose to HPES in writing his application, the Plaintiffs also deny the

allegations in paragraph 42. In addition it is not possible to disclose an application number prior to filing as one is not provided until after a filing is made.

43. **ANSWER**:  Plaintiffs deny the allegations in paragraph 43.

44. **ANSWER**:  Plaintiffs lack knowledge or information sufficient to form a belief about the truth of the allegations stated in paragraph 44 and therefore deny. To the extent that Defendant is trying to infer an obligation on Mr. Shaposhnik to obtain permission, the Plaintiffs also deny the allegations in paragraph 44.

45. **ANSWER**:  Plaintiffs deny that HPES asked Mr. Shaposhnik to "assign" patent application 14/152,738 to HPES and therefore neither refused nor agreed to assign the patent application.

46. **ANSWER**:  Plaintiffs deny the allegations in paragraph 46.

47. **ANSWER**:  Plaintiffs deny the allegations in paragraph 47.

48. **ANSWER**:  Plaintiffs admit that in the broad sense they have "used" the technology reflected in the patent application and patent, but otherwise deny the allegations in paragraph 47.

## Counterclaim One:

## Declaration of Ownership of Patent Number 8,843,926

49. **ANSWER**:  Plaintiffs incorporate their answers to 1 through 48 as if fully set forth in this paragraph. Plaintiffs deny that Defendant is entitled to any of the

relief requested.

50. **ANSWER**: Plaintiffs admit that Mr. Shaposhnik invented certain technology as disclosed in patent number 8,843,926 which date coincided with him also being employed in his day job with HPES and denies the rest.

51. **ANSWER**: Plaintiffs deny that one can apply for a patent number. Plaintiffs admit that Mr. Shaposhnik through counsel filed an application for patent which later became patent number 8,843,926, the date of the filing coincided with him also be employed in his day job with HPES.

52. **ANSWER**:  Plaintiffs deny the allegations in paragraph 52.

53. **ANSWER**:  Plaintiffs deny the allegations in paragraph 53.

54. **ANSWER**:  Plaintiffs deny the allegations in paragraph 54.

55. **ANSWER**:  Plaintiffs deny the allegations in paragraph 55.

56. **ANSWER**:  Plaintiffs deny the allegations in paragraph 56.

**(No Number) ANSWER**: Plaintiffs deny that Defendant is entitled to the relief requested in this matter, and therefore denies the allegations in this un-numbered paragraph.

## Counterclaim Two:

## Declaration of Ownership of Patent Number 9,219,937

57. **ANSWER**:  Plaintiffs incorporate their answers to 1 through 56 as if fully set forth in this paragraph. Plaintiffs deny that Defendant is entitled to any of the

relief requested.

58. **ANSWER**: Plaintiffs admit that Mr. Shaposhnik invented certain technology as disclosed in patent number 8,843,926 which date coincided with him also being employed in his day job with HPES and denies the rest.

59. **ANSWER**: Plaintiffs deny that one can apply for a patent number. Plaintiffs admit that Mr. Shaposhnik through counsel filed an application for patent which later became patent number 9,219,937, the date of the filing coincided with him also be employed in his day job with HPES.

60. **ANSWER**: Plaintiffs deny the allegations in paragraph 60.

61. **ANSWER**: Plaintiffs deny the allegations in paragraph 61.

62. **ANSWER**: Plaintiffs deny the allegations in paragraph 62.

63. **ANSWER**: Plaintiffs deny the allegations in paragraph 63.

**(No Number) Answer:** Plaintiffs deny that Defendant is entitled to the relief requested in this un-numbered paragraph, and therefore denies the allegations.

## Counterclaim Three:

## Breach of Contract Against Plaintiff Yona Shaposhnik

64. **ANSWER**: Plaintiffs incorporate their answers to 1 through 63 as if fully set forth in this paragraph. Plaintiffs deny that Defendant is entitled to any of the relief requested.

65. **ANSWER**: Plaintiffs deny the allegations in paragraph 65.

66. **ANSWER**: Plaintiffs deny the allegations in paragraph 66.

67. **ANSWER**: Plaintiffs deny the allegations in paragraph 67.

(No number) **Answer:** Plaintiffs deny that Defendant is entitled to the relief requested in this section, and denies the allegations.

## Counterclaim Four:

## Statutory Conversion Against Plaintiffs Yona Shaposhnik and Pristine Machine M.C.L.A. § 600.2919a(1)(a) & (b)

68. **ANSWER**: Plaintiffs incorporate their answers to 1 through 67 as if fully set forth in this paragraph. Plaintiffs deny that Defendant is entitled to any of the relief requested, has failed to state a claim for which relief can be granted, and that the State law claim of conversion that is plead is preempted by Federal patent law.

69. **ANSWER**: Plaintiffs deny the allegations in paragraph 69.

70. **ANSWER**: Plaintiffs deny the allegations in paragraph 70.

71. **ANSWER**: Plaintiffs admit to the allegation in paragraph 71.

72. **ANSWER**: Plaintiffs admit that Pristine Machine is the owner of the patent and otherwise deny the allegations in paragraph 72.

73. **ANSWER**: Plaintiffs deny the allegations in paragraph 73.

74. **ANSWER**: Plaintiffs deny the allegations in paragraph 74.

**(No Number) Answer:** Plaintiffs deny that Defendant is entitled to the relief requested in this paragraph, has failed to state a claim upon which relief can be

granted and denies the allegations.

## Counterclaim Five:

## Common Law Conversion Against Yona Shaposhnik

75. **ANSWER**: Plaintiffs incorporate their answers to 1 through 71 as if fully set forth in this paragraph. Plaintiffs deny that Defendant is entitled to any of the relief requested, has failed to state a claim for which relief can be granted, and that the State law claim of conversion that is plead is preempted by Federal patent law.

76. **ANSWER**: Plaintiffs deny the allegations in paragraph 76.

77. **ANSWER**: Plaintiffs deny the allegations in paragraph 77.

78. **ANSWER**: Plaintiffs deny the allegations in paragraph 78.

79. **ANSWER**: Plaintiffs deny the allegations in paragraph 79.

(No Number) **ANSWER:** Plaintiffs deny that Defendant is entitled to the relief requested in this paragraph, denies the allegations, and submits that the Defendant has failed to state a claim upon which relief can be granted.

## Counterclaim Six:

## Unjust Enrichment Against Pristine Machine

80. **ANSWER**: Plaintiffs incorporate their answers to 1 through 80 as if fully set forth in this paragraph. Plaintiffs deny that Defendant is entitled to any of the relief requested.

81. **ANSWER**:  Plaintiffs deny the allegations in paragraph 81.

82. **ANSWER**:  Plaintiffs deny the allegations in paragraph 82.

83. **ANSWER**:  Plaintiffs deny the allegations in paragraph 83.

**(No Number) Answer:** Plaintiffs deny that Defendant is entitled to the relief requested in this paragraph, and denies the allegations.

## **Plaintiffs' Affirmative and Other Defenses**

Plaintiff/Counter Defendants, Yona Shaposhnik and Pristine Machine hereby pleads the following affirmative and other defenses to the claims alleged by Defendant/Counter Claimant, HP Enterprise Services, LLC ("HPES" or "Defendant/Counter Claimant").

1. Defendant/Counter Claimant has failed to state claims upon which relief may be granted as a matter of law, including those of Counts 4-6.

2. Statute of frauds – HPES claims fail under the Statue of Frauds as the "Employment Agreement" requires a signature that is not present for a valid and enforceable agreement.

3. Illegality – HPES claims fail under the doctrine of illegality as the "Employment Agreement" as set forth in Defendant/Counter Claimant's counter complaint is an illegal restraint on trade and not enforceable.

4. Fraud - HPES claims fail due to fraud where the signature page in the "Employment Agreement" is from a different agreement that HPES or EDS substituted into the "Employment Agreement".

5. HPES's claims of an "Employment Agreement" or contract fail for lack of consideration, mutuality of agreement, and/or duress as supported by the allegations in Plaintiff's Complaint.

6. HPES's claims are barred by the doctrines of waiver, estoppel, latches,

and unclean hands as supported by the allegations provided for in Plaintiffs' Complaint.

7. License or release – HPES claims fail due to a license, waiver and / or release that was provided to Mr. Shaposhnik's by EDS Corporation including: that the addendum attached to the Complaint and HPES's actions as set forth in the Complaint which together or individually constitute at a minimum a license, waiver, and/or release.

8. If there was a contract HPES breached it first thereby relieving Plaintiffs of any obligations under the alleged contract.

9. One or more of the Defendant's counter claims are barred by Federal patent law.

10. HPES's claims of patent ownership are barred by the Federal patent recording statue.

Respectfully submitted,

DEAN B. WATSON, ESQ.

Dated: July 7, 2017

By:  /S/ Dean B. Watson
Dean B. Watson (P59317)
Avery N. Goldstein, Ph.D. (P54063)
700 E. Maple Rd., Suite 450
Birmingham, MI  48009
248/318-6655
watsonlawyer@gmail.com
ag@bluefilamentlaw.com
Attorneys for Plaintiffs

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 7, 2017, I electronically filed the above document with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

           Respectfully submitted,

Dated:  July 7, 2017      DEAN B. WATSON, ESQ.

           By: /S/ Dean B. Watson
           Dean B. Watson (P59317)
           Avery N. Goldstein, Ph.D. (P54063)
           700 E. Maple Rd., Suite 450
           Birmingham, MI  48009
           248/318-6655
           watsonlawyer@gmail.com
           ag@bluefilamentlaw.com
           Attorneys for Plaintiffs