UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

YONA SHAPOSHNIK and
PRISTINE MACHINE, LLC,

    Plaintiffs,

                                     Case No.: 2:16-CV-13945-VAR-DRG

v.

                                     Honorable Victoria A. Roberts

HP ENTERPRISE SERVICES, LLC,

    Defendant.

_____

### REPLY IN SUPPORT OF HP ENTERPRISE SERVICES, LLC'S MOTION TO COMPEL AND TO EXTEND DISCOVERY

Dated: April 18, 2018

Andrew C. Porter
Kelly A. Petrocelli
Kaitlin G. Klamann
Drinker Biddle & Reath LLP
191 N. Wacker Dr. Ste. 3700
Chicago, IL 60606
Andrew.porter@dbr.com
Kelly.petrocelli@dbr.com
Katie.klamann@dbr.com
(312) 569-1364

*Attorneys for Defendant*
*HP Enterprise Services, LLC*

# TABLE OF CONTENTS

Page

I. Sofer, Weiss, and Newman should be Compelled to Produce Documents Responsive to Subpoenas. ...........................................................1

II. Plaintiffs' Use of Mr. Shaposhnik's Hard Drive Should be Limited to Only Those Files That They Have Identified to HPES as Relevant. ..............5

III. Plaintiffs Should be Compelled to Respond to HPES' Discovery Requests. .................................................................................................6

IV. The Court Should Extend Fact Discovery. .........................................................8

CONCLUSION .................................................................................................10

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Mattress Closeout Center IV, LLC v. Panera, LLC*,
　No. 14-12562, 2016 WL 1069004 (E.D. Mich. Mar. 18, 2016)..........................5

*Murray v. Geithner*,
　763 F. Supp. 2d 860 (E.D. Mich. 2011) ...........................................................2

**STATUTES, RULES & REGULATIONS**

Federal Rule of Civil Procedure 45 ....................................................................1, 2

Plaintiffs' Responses fail entirely to address any of HPES' arguments in support of its motion to compel. Instead, Plaintiffs devote their Responses to spewing baseless and irrelevant accusations and making claims that are counter to documents they have produced and testimony their witnesses have given. Unfortunately, this type of behavior has become Plaintiffs' hallmark in this litigation. But enough is enough. The Plaintiffs - including officers and employees of Pristine Machine Sofer, Weiss, and Newman - should be required to respond to HPES' discovery requests. This is not controversial. Plaintiffs filed this lawsuit, they should be required to litigate it. Additionally, Plaintiffs should not be permitted to benefit from a document dump on HPES. Their use of files contained on Mr. Shaposhnik's hard drive should be limited to those directories that they recently identified as relevant after the Court's intervention. Finally, these issues, and Plaintiffs' complete refusal to engage in cooperative discovery, require an additional extension of the discovery deadline in this case up to and including May 25, 2018.

**I.    Sofer, Weiss, and Newman should be Compelled to Produce Documents Responsive to Subpoenas.**

The core of Plaintiffs' argument is that Sofer, Weiss, and Newman are not employees or officers of Pristine Machine and HPES therefore violated Federal Rule of Civil Procedure 45 in effectuating its subpoena against a non-party. Plaintiffs' arguments fail both on the law and on the facts.

Sofer, Weiss, and Newman completely ignore the fact that they waived their

objections by failing timely to respond to HPES' subpoenas. *See Murray v. Geithner*, 763 F. Supp. 2d 860, 871-72 (E.D. Mich. 2011) ("When a party fails to respond to a motion or argument therein, the Sixth Circuit has held that the lack of response is grounds for the district court to assume opposition to the motion is waived, and grant the motion.") (internal citations and quotations omitted). Not only did they waive their objections, Sofer, Weiss, and Newman actively consented by accepting service through their lawyer (whom they share with Plaintiffs),[1] providing written objections to certain requests, and producing documents responsive to other requests. *See* DE 57, Ex. E. Had any of the trio wanted to seek the protections of Rule 45, they should have done so immediately with a motion to quash. They did not, and each of their process arguments are therefore irrelevant and far-fetched.[2]

This entire episode is an example of Plaintiffs' lack of candor in the discovery process. In August 2017, when HPES issued its first discovery requests, Sofer,

---

[1] Mr. Watson agreed to accept service of the subpoenas on a meet-and-confer call with HPES' counsel on January 18. His claims to the contrary now demonstrate the lengths to which Plaintiffs will go to obstruct this litigation. Not only did Mr. Watson indicate he would accept service on the January 18 call, he later stated that he would "forward the service to [his clients]" when he eventually responded to HPES' subpoenas on February 5, 2018, four days after the deadline for objections under Rule 45 had passed. *See* Exhibit A. Each of these individuals also acknowledged their counsel accepted service in their responses and objections served on HPES. *See e.g.*, DE 57 at 3 ("Counsel on February 6, 2018 accepted service for Respondent hereby responds…"). For counsel now to claim he never accepted service proves Plaintiffs' commitment to obstructing this litigation.

[2] HPES will not spend the Court's time engaging in mud slinging with Plaintiffs. They make conclusory claims about the scheduling of depositions, for instance, but that issue is not within the scope of HPES' motion. If Plaintiffs wanted to seek relief about that issue, they could do so with a properly filed motion. HPES has been fully cooperative in scheduling depositions and any adjournments have resulted from Plaintiffs' delay in producing documents. As one example, HPES took the entirely reasonable position to take Weiss and Sofer's depositions only after documents were produced. HPES did the same with Mr. Aragon's deposition – it was tentatively set for a time *after* the Weiss and Sofer documents were to be produced. Weiss and Sofer hired Aragon to work on Pristine Machine matters, and their documents were therefore a necessary precondition to taking the Aragon deposition. When the documents were not produced, HPES had no choice but to delay scheduling the deposition until the documents were produced. *See* February 27, 2018 emails between A. Porter and D. Watson, attached as Exhibit B.

Weiss, and Newman were unquestionably officers and employees of Pristine Machine. They were among the custodians whose files should have been searched at the outset for responsive documents. Mr. Shaposhnik's conclusory assertion[3] that none of the three were officers or employees of Pristine Machine as of August 24, 2017 is belied by Sofer and Weiss's deposition testimony,[4] contemporaneous documents,[5] and Mr. Newman's current representations on social media.[6] Furthermore, Fred Schwartz did not produce documents on behalf of Pristine Machine until late February 2018. If the company no longer existed, Mr. Schwartz would have had no responsibility to do so by Plaintiffs' reasoning.

Finally, Sofer's, Weiss's, and Newman's substantive objections to HPES' subpoena requests are baseless. Each individual objected to these five requests as overly broad and unduly burdensome. The bulk of these individuals' Responses regarding undue burden center on their argument that they are not parties to the litigation – which arguments are disingenuous at best as discussed above. They fail

---

[3] Revealingly, neither Weiss nor Sofer nor Newman made such a certification under oath.
[4] Both Weiss and Sofer testified in late March 2018. In their depositions, they acknowledged that they were officers or employees of Pristine Machine but that stopped when Pristine Machine ceased about "six months" before their depositions – making any cessation in late September, not August when discovery requests were issued. *See* Deposition excerpts from Weiss and Sofer depositions, attached as Group Exhibit C (subject to protective order).
[5] Pristine Machine records show it: a) transacted business in September 2017 according to the latest bank records produced by Plaintiffs; b) entered into an agreement with Matrix ACP Holdings in September 2017; c) made a filing regarding Vivaware, LLC in September 2017; d) explored a new product concept in communications involving Martin Schmieg, Mr. Weiss, and Mr. Shaposhnik in October 2017; and e) discussed testing results of porting capabilities in communications involving Mr. Shaposhnik, Mr. Aragon, Mr. Sofer, and Mr. Weiss on October 31, 2017. *See* Group Exhibit D (documents produced by Plaintiffs reflecting post-August 2017 conduct, some of which are subject to protective order). These records all make clear that Pristine Machine was active well beyond August 24, 2017. Indeed, HPES has seen no evidence that Pristine Machine has ceased operations other than the testimony of Sofer and Weiss. In fact, State of Michigan records indicate that Pristine Machine is still in operation. *See* Exhibit E.
[6] *See* Hallel Newman's Linked In profiled at DE 57, Ex. B.

3

to provide any other reason why HPES' requests are allegedly overly burdensome. This objection should be rejected by the Court.

Sofer, Weiss, and Newman also devote significant time in their Responses arguing that these five requests are "duplicative." However, none of these individuals included this objection in response to any of the requests. Thus, not only are such objections waived as untimely, they are also waived because Sofer, Weiss, and Newman failed to raise them at all.

Finally, Sofer, Weiss, and Newman objected to these requests on the basis that the information sought is not relevant to any party's claim or defense. But documents related to Mr. Shaposhnik's employment with EDS and HPES and documents related to inventions by Mr. Shaposhnik are certainly relevant to both parties' claims regarding ownership of the patents, Plaintiffs' slander of title claim, Plaintiffs' claim for a declaration that the EDS agreement is void, and Plaintiffs' defamation claim (to which truth is an absolute defense). Documents referring or relating to the loss of potential investors, employees, customers, and contractors are clearly relevant to Plaintiffs' antitrust claim (a claim on which Plaintiffs have produced no evidence whatsoever) and to damages. HPES' requests for documents related to the assignments filed by HPES are directly relevant to Plaintiffs' defamation and slander of title claims. Finally, HPES' request for documents referring or relating to HPES and/or Electronic Data Systems is clearly relevant to all of Plaintiffs' claims as

4

HPES and EDS are the defendants in this lawsuit.

The gamesmanship must stop. Sofer, Weiss, and Newman's files should have been searched for documents responsive to HPES' requests to Pristine Machine in August 2017. For whatever reason, Plaintiffs refused to do so, requiring subpoenas to those three for records. Now, they must be compelled to produce documents responsive to the subpoenas to which they accepted service through the counsel they share with Plaintiffs.

## II. Plaintiffs' Use of Mr. Shaposhnik's Hard Drive Should be Limited to Only Those Files That They Have Identified to HPES as Relevant.

With respect to Plaintiff Yona Shaposhnik's hard drive, Plaintiffs have come full circle. In their Responses, they return to their original argument from last fall – i.e. that everything on the hard drive is relevant to this litigation and they have no obligation to specify which of the 800,000+ documents are responsive to HPES' requests. Plaintiffs have conveniently failed to mention their representations earlier this year that only two directories on the hard drive are responsive. *See* DE 57, Ex. K. Instead, Plaintiffs now want to be able to use anything and everything on the hard drive that they believe will aid them in their claims, without having to provide any notice to HPES. This is simply not how discovery works, *see Mattress Closeout Center IV, LLC v. Panera, LLC*, No. 14-12562, 2016 WL 1069004, at *3 (E.D. Mich. Mar. 18, 2016) ("Trial by surprise is not a tactic in civil actions and related discovery proceedings."), which is why this Court sent Plaintiffs back to the drawing board to

5

fix their document dump during the parties' discovery hearing.

Despite bringing this issue to the Court's attention in early January 2018, here we are four months later in exactly the same place. Plaintiffs have again obstructed the progression of this case, costing HPES time, money, and resources. The clock continues to run down for discovery and HPES is unsure whether it needs to devote resources to understand the two directories recently identified or whether it needs to undertake a study of the entirety of the 800,000+ files contained on the hard drive because of Plaintiffs' contradictory positions. Accordingly, the Court should resolve this issue and limit Plaintiffs' use of the hard drive to the two directories they recently identified as relevant. Anything else rewards Plaintiffs for the document dump they perpetrated last fall.

### III. Plaintiffs Should be Compelled to Respond to HPES' Discovery Requests.

The biggest hindrance to litigating this case has been Plaintiffs' utter refusal to search for and produce documents responsive to HPES' discovery requests, which have been pending now for a stunning eight months. Plaintiffs claim that they have "reasonably complied" with HPES' requests and they have completed searches and produced all responsive documents. But Plaintiffs have failed to produce documents responsive to a number of HPES' requests and a review of documents produced by other individuals clearly shows that Plaintiffs did not undertake the "reasonable search" that they claim.

6

In response to HPES' motion to compel, Plaintiffs have attached two declarations under oath by Yona Shaposhnik stating he undertook reasonable searches to locate documents responsive to HPES' requests directed to him and to Pristine Machine. HPES requested many categories of communications from Mr. Shaposhnik – including communications with Pristine Machine members and employees, communications with potential and actual investors and communications with contractors and prospective employees. In response, Mr. Shaposhnik produced a single email string. By contrast, Mr. Sofer produced 998 emails that included Mr. Shaposhnik, Mr. Weiss produced 140, and Mr. Newman produced 143. These emails demonstrate that Mr. Shaposhnik certainly engaged in responsive communications. Yet, he failed to produce any of them himself.

Additionally, Plaintiffs have yet to produce any communications with actual or potential investors, contractors (including contractors in Ukraine), potential customers, or any other communications that HPES requested. Plaintiffs have likewise not produced any technical documents. Mr. Shaposhnik has provided no explanation for his failure to produce these documents. In light of these circumstances, the Court should seriously scrutinize Mr. Shaposhnik's representations under oath that he performed a reasonable search for responsive documents.

## IV. The Court Should Extend Fact Discovery.

HPES needs additional time to take depositions. At a minimum, HPES needs time to depose Mr. Shaposhnik, a 30(b)(6) representative of Pristine Machine, Guillermo Aragon, Fred Schwartz, and Hallel Newman. HPES also needs time to conclude the depositions of Mr. Weiss and Mr. Sofer. Several things complicate those efforts.

The failure to search for and produce responsive documents hinders the fact-finding process. The situation with Fred Schwartz provides one example of the difficulties HPES has faced in completing discovery. Mr. Schwartz's deposition began last fall. When it became clear through questioning that Mr. Schwartz had documents responsive to HPES' requests and that Mr. Schwartz was an officer of Pristine Machine, the parties adjourned the deposition to allow Mr. Schwartz to search for and produce responsive documents. He did so, resulting in a production earlier this year. There was then much back and forth about scheduling Mr. Schwartz's deposition. Finally, HPES offered to finish Mr. Schwartz's deposition on either April 11 or April 12 (because Plaintiffs' counsel had indicated his availability on those days), as the parties were going to be together on April 13 to take the deposition of an HPES witness. On April 9, when counsel had not heard from Plaintiffs for 10 days about Mr. Schwartz's availability, HPES' counsel wrote: "Since it's been 10 days since I've made this request regarding Mr. Schwartz and I

8

haven't heard from you or Avery to confirm whether Mr. Schwartz is available, I can no longer hold these two dates. Please provide me dates when Mr. Schwartz is available in the coming weeks."[7] Counsel for Plaintiffs wrote back, "Knock it off, just more of your non-sense. Mr. Schwartz was available for his deposition on April 9th and your side again chose to pass."[8] Plaintiffs' response is striking both for its unprofessional nature and because Plaintiffs seem to take the position that deposition scheduling is a take it or leave it proposition – a witness is only available on a particular day regardless of whether the other side can make that date work. HPES has not done that in offering schedules for its witnesses, and it expects the same treatment from the other side.

The gamesmanship surrounding the hard drive also hinders the fact finding process. Understanding and processing 800,000+ files is an almost insurmountable task, and it is precisely the type of document dump that Courts have regularly frowned upon. Understanding and processing two directories from within the hard drive is a hugely different task. Until HPES gets direction on what the boundaries are concerning the hard drive, it is not able to make significant process on conquering this task. A task made all the more difficult because the entire hard drive has been designated "Attorneys Eyes Only" by the Plaintiffs.[9] And until HPES can understand

---

[7] *See* email string between A Porter and D Watson dated April 10, 2018, attached hereto as Exhibit F.
[8] *Id.*
[9] *See* Email from A. Goldstein to K. Petrocelli Dated February 28, 2018 at DE 57, Ex. K ("The contents of the hard drive are Highly Confidential-Attorney's Eyes Only.")

9

the hard drive, a meaningful deposition of either Mr. Shaposhnik or a 30(b)(6) witness for Pristine Machine cannot happen.

Plaintiffs' unnecessary redactions and overdesignations (which were discussed in our motion to compel as the documents were coming in and are the subject of a separate motion to compel at DE 62) also hinder the fact-finding process. HPES needs the ability to work with its client to prepare for depositions it intends to take, but those efforts are stymied when it cannot meaningfully talk to its client about this case because of the designations and redactions in play.

## CONCLUSION

HPES respectfully requests that this Court enter an order: a) compelling Josef Sofer, Shlomo Weiss, and Hallel Newman to produce documents responsive to subpoenas on or before April 20, 2018 (or as soon as practicable); b) compelling Plaintiffs to search for and produce documents in response to Defendant's Amended First Set of Requests for Production to Plaintiffs Yona Shaposhnik and Plaintiff Pristine Machine, LLC on or before April 20, 2018 (or as soon as practicable); c) barring Plaintiffs from using any part of the hard drive they produced other than files identified by Plaintiffs in a February 28, 2018, communication as "stored in directories \Tomcat5.0 and \Projects"; d) awarding defendant its fees and costs for sorting through the document dump Plaintiffs engaged in by first producing a hard drive containing over 800,000 files and then, on February 28, 2018, after Court

intervention, identifying only two directories of information as responsive to defendant's document requests; and e) extending the deadline for fact discovery in this matter by 42 days until Friday, May 25, 2018.

| | |
|---|---|
| Dated: April 18, 2018 | /s/ Andrew C. Porter |
| | Andrew C. Porter |
| | Kelly A. Petrocelli |
| | Kaitlin G. Klamann |
| | Drinker Biddle & Reath LLP |
| | 191 N. Wacker Dr. Ste. 3700 |
| | Chicago, IL 60606 |
| | Andrew.porter@dbr.com |
| | Kelly.petrocelli@dbr.com |
| | Katie.klamann@dbr.com |
| | (312) 569-1364 |
| | |
| | *Attorneys for Defendant* |
| | *HP Enterprise Services, LLC* |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing has been electronically served this 19th day of April, 2018, with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following counsel of record for Plaintiffs:

Dean B. Watson, Esq.

watsonlawyer@gmail.com

Avery N. Goldstein, Ph.D.

ag@bluefilamentlaw.com

/s/ Kaitlin G. Klamann