UNITED STATES DISTRICT COURT
EASTERN DISTRICT COURT
SOUTHERN DIVISION

YONA SHAPOSHNIK AND
PRISTINE MACHINE, LLC,

    Plaintiffs,

v.                                            Case No. 16-13945

                                                Honorable Victoria A. Roberts

HP ENTERPRISE SERVICES, LLC,

    Defendant.

_____/

## ORDER GRANTING DEFENDANT HP ENTERPRISE SERVICES, LLC'S MOTION FOR PROTECTIVE ORDER TO QUASH PLAINTIFFS' DISCOVERY REQUESTS RELATED TO ITS USE OF THE PATENTS [DOC. 51]

Defendant HP Enterprise Services, LLC ("HPES") filed the above entitled motion. It is fully briefed.

HPES states that Plaintiffs request "all documents" relating to "any activity" that HPES conducts that is "covered" by the '926 and '937 patents. HPES says this request is overbroad, inasmuch as this case is not a dispute over patent infringement; rather it is confined to a dispute over ownership of those two patents.

HPES argues that under Mr. Shaposhnik's employment agreement, he was prohibited from applying for and receiving patents for technology related to HPES's business. But HPES says this is precisely what Shaposhnik did; it says he used or disclosed confidential HPES "Innovations" (defined in the Employment Agreement), and failed to assign the rights to those Innovations to HPES.

HPES objected specifically to requests 3 and 4 seeking the above information on the following bases: (1) Plaintiffs sought privileged information; (2) their requests were

1

overly broad, unduly burdensome and not proportional to the needs of the case; and (3) the requested information is not relevant to any claim or defense. Based on those objections, HPES declined to produce documents responsive to the requests.

HPES did agree to produce a narrower scope of documents; it identified 60 of its products and services that related to the '926 patent, and 18 products and services related to the '937 patent. HPES also agreed to produce documents sufficient to demonstrate how each of those products and services relates to the patents, and how the patents relate to HPES's business.

In response, Plaintiffs make a conclusory argument concerning relevancy and a broader argument concerning proportionality, primarily contending that HPES has greater resources and ability to produce discovery compared to Plaintiffs.

With respect to relevancy, Plaintiffs say HPES has more relevant evidence than already produced; that HPES has blocked access to "the most relevant internal evidence" it has that the patents relate to its business; and that Mr. Shaposhnik has the right to file for patents in his own name that are not related to the business, so he is entitled to this broad discovery.

This relevancy argument is hard to follow, circuitous and conclusory. At the heart of this case is whether there is a valid and enforceable employment agreement between HPES and Mr. Shaposhnik and the scope of it; and whether the technology of the two patents is included in the scope of the employment agreement. Mr. Shaposhnik agreed to assign any patents and patent applications to any "Innovation" to defense successors and assigns. An "Innovation" is defined as any development, design, original work of authorship, process or software program Mr. Shaposhnik created, modified or

implemented by himself or with others during his employment that related "in any way" to Electronic Data System's business.

The meaning of the employment agreement will determine the outcome of this litigation.

By agreeing to produce only documents concerning products and services that relate to the '926 and '937 patents, HPES keeps the focus where it belongs – i.e., on the contract at issue rather than the underlying patents.

Requests for documents relating to "any activity" that HPES has done that is covered by patents, broadens the focus of this litigation beyond what is pled. HPES is correct: if this were a patent infringement case, perhaps other information would be relevant, such as information that would shed light on HPES's profit from use of the patents, or a reasonable royalty that Plaintiffs could expect if this were an infringement case. It is not.

HPES's Motion for a Protective Order is **GRANTED**.

**IT IS ORDERED**.

S/ Victoria A. Roberts<br>Victoria A. Roberts<br>United States District Judge

Dated: 4/23/18