UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISON

YONA SHAPOSHNIK, ET AL.,

    Plaintiffs,

v.                                                             Case No. 16-13945
                                                           Honorable Victoria A. Roberts

HP ENTERPRISE SERVICES, LLC,

    Defendant.

_____/

## ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL THE DEPOSITION OF MICHAEL NEFKENS (DOC. #52)

Plaintiffs filed the above entitled motion. It is fully briefed.

For the following reasons, the motion is **GRANTED**.

1. Plaintiffs assert that Michael Nefkens, the Executive Vice President and General Manager when Mr. Shaposhnik was employed with HP Enterprise Services, LLC ("HPES"), possesses knowledge of material facts pertaining to this case. By way of example, Plaintiffs cite to the deposition testimony of Alexander Leonard, HPES's Human Resources Director, who testified that Mr. Nefkens "knows quite a bit" about the business.

Plaintiffs also point to an email sent by Mr. Nefkens concerning certain corporate policies, which Plaintiffs say are at the heart of their claims in this case. Nefkens wrote:

> "HP Standards of Business Conduct (SBC) embodies the
> core principles and values that govern our conduct both
> within and outside the company. Taking this training annually
> renews our commitment to operating with the highest
> standards of integrity and ethical conduct. It helps us refresh
> our understanding of HP's Standard of Business Conduct
> and supporting policies and provides each of us with the
> guidance and tools needed to win the right way."

1

2. Plaintiffs say Mr. Nefkens is recognized as being:

> "responsible for driving growth an innovation for Enterprise Services' applications, business processing and outsourcing services. He led successful customer IT transformations for some of HP's largest services accounts. Over a four-year period, Mr. Nefkens claims to have increased customer satisfaction to top of industry and drove record operating profit improvement for 14 consecutive quarters leading up to the spin-off from HPE and the merger with CSC."

They also cite a 2014 interview with Fortune Magazine, in which Mr. Nefkens stated:

> "I'm trying to reinvent a business and an industry that has been around for about 50 years: the IT services sector. I'm 18 months in, and it's my big project. We always said it would take five years so I've got another good three years to reinvent this in terms of turning HP Enterprise Services into a market-leading business."

3. Plaintiffs assert that after 14 years as Enterprise Services' General Manager, Nefkens had specific knowledge about the nature of its business, products and services. They say it is Mr. Nefken's business unit that asserted claims on Mr. Shaposhnik's patents, implying that that business is related to the '926 and '937 patents.

4. The Court agrees that Plaintiffs have made a sufficient showing that they are entitled to explore their allegations with a general manager who had some responsibility to reshape Enterprise Services as an information technology Company – as it spun off from HPES.

5. On the other hand, HPES fails to demonstrate that Mr. Nefken is an "Apex" employee or that a protective order is justified.

6. The Defendant fails to supply the Court with a detailed affidavit from Mr. Nefkens in support of its request for a protective order. Courts generally require an apex deponent to make a factual showing to overcome the presumption of broad discovery under Fed. R. Civ. P. 26. *See Mulvey v. Chrysler Corp.*, 106 F.R.D. 364, 366 (D.R.I. 1985); *Colonial Capital Co. v. Gen. Motors Corp.*, 29 F.R.D. 514, 518 (D. Conn. 1961)

7. Aside from argument of counsel, there is no attestation that Mr. Nefkens lacks personal knowledge of relevant facts, or that he lacks unique knowledge of the allegations surrounding Plaintiffs' Complaint.

8. Furthermore, the Sixth Circuit held that "to justify a protective order, one of Fed. R. Civ. P. 26(c)(1)'s enumerated harms must be illustrated 'with a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *Serrano v. Cintas Corp.*, 699 F.3d 884, 901 (6th Cir. 2012) (quoting *Nemir v. Mitsubishi Motors Corp.*, 381 F.3d 540, 550 (6th Cir. 2004)).

9. Instead of demonstrating an enumerated harm by specific facts, defense counsel makes the bald assertion that the notice of Nefken's deposition is merely designed to harass and annoy HPES. This is insufficient. *See Serrano*, 699 F.3d at 901 ("Even in cases where we have considered extensively a corporate officer's knowledge and, thus, capacity to provide information relevant to the case, we have declined 'to credit a corporate officer's bald assertion that being deposed would present a substantial burden,' and still required the corporate officer to meet Rule 26(c)(1)'s requirements." (quoting *Conti v. Am. Axle & Mfg., Inc.*, 326 Fed. Appx. 900, 907 (6th Cir. 2009)).

10. As the Court in *Serrano* did, this Court declines to assume that Nefken's ranking as a high level manager automatically means his deposition would be burdensome, harassing or annoying to HPES.

11. Plaintiffs sufficiently demonstrate that Nefkens may possess relevant, non-privileged information that is discoverable. HPES fails to demonstrate with particular and specific facts that Nefkens is an "apex" employee and that it would suffer one of the harms enumerated in Fed. R. Civ. P. 26(c)(1) if he is deposed.

Plaintiffs' motion is **GRANTED**.

S/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: 4/23/18