UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YONA SHAPOSHNIK AND
PRISTINE MACHINE, LLC.,

    Plaintiffs,

v.                                                      Case No. 16-13945
                                                     Honorable Victoria A. Roberts

HP ENTERPRISE SERVICES, LLC,

    Defendant.
_____/

**<u>ORDER GRANTING IN PART, DENYING IN PART AND HOLDING PART IN ABEYANCE DEFENDANT'S MOTION TO COMPEL AND EXTEND FACT DISCOVERY [DOC. 57]</u>**

**I.    INTRODUCTION**

Defendant, HP Enterprise Services, LLC ("HPES"), filed the above-entitled motion. It is fully briefed. The Court:

    1. **GRANTS IN PART** HPES's request that Sofer, Weiss and Newman be compelled to produce documents responsive to subpoena requests, although they must submit for depositions;

    2. **GRANTS** HPES's request that Plaintiffs' use of Mr. Shaposhnik's hard drive be limited to only those files Plaintiffs have identified as relevant;

    3. **DENIES** HPES's request that Plaintiffs be compelled to respond to its discovery request; and

    4. **HOLDS IN ABEYANCE** HPES's request that the Court extend fact discovery.

1

## II. DISCUSSION

### A. HPES'S REQUEST THAT SOFER, WEISS AND NEWMAN BE COMPELLED TO PRODUCE DOCUMENTS RESPONSIVE TO SUBPOENA REQUESTS

HPES asks the Court for an order compelling Schlomo Weiss, Josef Sofer and Hallel Newman to respond to subpoena requests. HPES says that at all relevant times, Sofer was the Chief Operating Officer for Plaintiff Pristine; Weiss was its Senior Vice President in charge of Business Development; and, Newman was Pristine Machine's Executive Vice President for Operations and Communications. All three are third parties who live outside of Michigan. Plaintiffs deny they were officers of Pristine Machine.

Plaintiffs and Weiss, Sofer and Newman make a number of procedural objections, invoking the requirements of Fed. R, Civ. P. 45 (a)(4), (b)(1), (c)(2)(a), (d) and (e). They say HPES failed to adhere to certain requirements, namely that: (1) notice needed to go to all parties; (2) HPES is prohibited from deposing persons at sites more than 100 miles from where they live; (3) HPES seeks compliance with the subpoenas in the wrong court; and (4) the subpoenas did not allow a reasonable time to reply.

Plaintiffs waived these procedural objections by failing to timely respond to HPES's subpoenas. *Olivia Marie, Inc. v. Travelers Cas. Ins. Co. of Am.*, No. 11-12394, 2011 WL 6739400, at *2 (E.D. Mich. Dec. 22, 2011) ("A nonparty's failure to timely object to the subpoena generally waives any objections."). However, because the third

parties did respond substantively, and their responses were less than three weeks late, the Court will allow their substantive objections to stand and be resolved on the merits.

Substantively, Sofer, Weiss and Newman claim the requests are overbroad and unduly burdensome; are duplicative and seek irrelevant materials; and are not crafted to minimize the burden on them, in violation of Fed. R. Civ. P. 45(d)(1)'s requirement to avoid imposing an undue burden on the person subject to the subpoena. Following are the five requests at issue (as amended), followed by the paraphrased responses set forth in the responses to the motion because HPES failed to isolate the formal responses in its motion:

> **Request 1.  All documents and communications which refer or relate to any agreements or contracts between Yona Shaposhnik and his employer, including Electronic Data Systems Corporation and HP Enterprise Services, LLC.**

RESPONSE: HPES's request is vague and ambiguous, overly broad and unduly burdensome and duplicative of other requests to which Respondent produced documents. "His employer" is not defined and is otherwise vague as Mr. Shaposhnik's employer is not EDS or HPES and "his employer" is not relevant to any of the claims. It also begs the question as to why HPES would think Respondent has any documents related to this topic as they did not meet Mr. Shaposhnik until 2014 or later as he testified to at his depositions in New York.

**ORDER**: Shaposhnik is required to produce employment related communications as requested, between him and any predecessor to HPES.

> **Request 2.  All documents and communications which refer or relate to any inventions by Yona Shaposhnik, including any inventions Yona Shaposhnik invented with others.**

RESPONSE: This request is vague and ambiguous, overly broad and unduly burdensome and duplicative of other requests to which Respondent produced documents. Since requests 5, 6, 7, 9, and 10 already ask for every document related to the patents, this request adds no further categories that are relevant, is not properly defined, or seeks information that is not relevant or specific in nature.

**ORDER**: Plaintiffs' response to 5, 6, 7, 9 and 10 are sufficient to answer this request.

**Request 3.** **All documents and communications referring or relating to the loss of any potential, actual or former investors, employees, workers, customers, clients, partners, members, and/or third party contractors of Pristine Machine , LLC because of any alleged action taken by HP Enterprise Services, LLC.**

RESPONSE: This is vague and ambiguous, overly broad and unduly burdensome and duplicative of other requests. For example, Request 4 seeks "All documents and communications referring or relating to Pristine Machine, LLC's loss of any actual or potential investors." To the extent the request seeks information related to the patents, ownership, technology or investments, the Respondent has already searched for and produced documents.

**ORDER**: Plaintiffs' response to other requests is sufficient.

**Request 8.** **All documents and communications referring or relating to the assignments filed by HP Enterprise Services, LLC with the U.S. Patent and Trademark Office.**

RESPONSE: This request is vague and ambiguous, overly broad and unduly burdensome and duplicative of other requests. Document requests 5, 6, and 7 ask for all documents related to the '926 patent, technology, ownership and assignments. Can there be anything else left related to the patents not covered by such a broad request?

Assignment is a subcategory of ownership, making these requests duplicative. Likewise, requests 9 and 10 ask for all documents related to the 'patent, technology, and ownership of the ['937] patent. Request 8 seemed to parallel request 5. Since requests 5, 7, and 10 already cover assignments request 8 has no further meaning, is not properly defined, or seeks information that is not relevant.

**ORDER**: Plaintiffs' responses to other requests are sufficient.

**Request 13. All documents and communications referring or relating to HP Enterprise Services, LLC and/or Electronic Data Systems Corporation.**

RESPONSE: This request is vague and ambiguous, overly broad and unduly burdensome and duplicative of other requests to which Respondent produced documents. This request is overly broad as seeking information not relevant to any of the parties' claims. Respondent asked HPES to narrow the request and HPES refused. To the extent it seeks information related to the patents, ownership, technology or its investments, the Respondent has already searched for and produced documents.

**ORDER**: Plaintiffs' responses to other requests are sufficient.

**B.  HPES'S REQUEST THAT PLAINTIFFS' USE OF MR. SHAPOSHNIK'S HARD DRIVE BE LIMITED TO ONLY THOSE FILES PLAINTIFFS IDENTIFY AS RELEVANT**

Plaintiffs' failure to identify specific files on Mr. Shaposhnik's hard drive has been brought to the Court's attention before. [*See* Doc. #44, filed January 5, 2018]. HPES filed this earlier motion after it received 830,000 documents on a hard drive, which Plaintiffs did not key as responsive to any particular requests. The Court preliminarily reviewed the motion and sent an e-mail to counsel to schedule a conference call. [*See* Doc. #49]. In that e-mail, the Court stated:

> 3. Plaintiffs' production of over 800,000 documents on a disc - not bates stamped or keyed to particular requests from the defense - is unacceptable.

The Court held a telephone conference on January 25, 2018. At that time, the Court stated:

> But Mr. Watson, to send a hard drive that has 800,000 documents on it and to not give any guidance or direction . . . as to where to begin looking for what they are asking for, is completely not reasonable. So, I think that your client bears the responsibility of going through that hard drive and figuring out what is responsive to what they've asked for and we'll deal with an issue of costs later, but I can't say that their request to you has been overly burdensome right now. Why you thought 800,000 documents could be responsive to them or helpful to them in the form that you sent is puzzling to me.

[*See* Transcript of Telephone Conference (to be filed on the docket)].

The parties also agreed during the conference call that defense counsel would return the hard drive to Plaintiffs so that:

> [they] can help us navigate what's in it . . . and try to get direction from them in terms of what is in the hard drive that is responsive to our document requests."

[*Id.*].

On February 28, 2018, counsel for Plaintiffs sent an e-mail to defense counsel providing further identification of information on the hard drive and stating:

> The hard drive and its contents are also responsive to Defendant's request for production of documents including the amended requests for documents to Yona Shaposhnik numbered 1, 2, 3, 5, 10, 14, 15, 19, 23, 24, 25, 29, 30, 41, 42 and 59.
>
> Of particular relevance are files stored in directories \Tomcat 5.0 and \Projects. We invite you to inspect those files with

6

> the copy of the hard drive you took in October of 2017 and
> still in your possession.

[Doc. #57-12].

Based on the January 26th conference call and February 28th e-mail, the Court orders Plaintiffs to identify *with specificity*, which particular documents and pages in the hard drive relate to amended requests numbered: 1, 2, 3, 5, 10, 14, 15, 19, 23, 24, 25, 29, 30, 41, 42 and 59. Beyond those documents, the only other documents on the disc that Plaintiffs will be allowed to rely upon are those in the two directories labelled "Tomcat5.0" and "Projects."

**C.    REQUEST THAT PLAINTIFFS BE COMPELLED TO RESPOND TO HPES'S DISCOVERY REQUESTS**

HPES says that over the last eight months, Plaintiffs failed to produce documents responsive to a number of discovery requests, or review documents produced by other individuals. HPES says this shows that Plaintiffs did not undertake a "reasonable search" for responsive documents.

HPES's motion does not get much more specific than this. HPES attaches its Amended First Set of Requests for Production of Documents to Mr. Shaposhnik and its Amended First Set of Requests for Production of Documents to Pristine Machine, but does not state the specific answers and production that are objectionable.

HPES says in general terms in the motion that Plaintiffs responded with boilerplate objections; that Plaintiffs represented they would supplement responses and they now – only in response to the HPES's motion – attached declarations from Mr. Shaposhnik stating he undertook reasonable searches to locate responsive documents on behalf of himself and Pristine Machine.

In response to HPES's motion, Plaintiffs attach certifications to their papers. These certifications attest that Mr. Shaposhnik performed diligent searches of records and found no further documents responsive to the requests that were not already produced to the defense.

The Court denies this portion of HPES's motion.

Aside from providing the Court with the full set of requested discovery, HPES does not tell the Court which of Plaintiffs' specific responses are objectionable, leaving it to the Court to discern what discovery requests are deficient. The Court will not undertake this task.

Finally, it appears by the two signed certifications attached to Plaintiffs' response to the motion, that Mr. Shaposhnik believes he has satisfied HPES's inquiry. Accordingly, Mr. Shaposhnik is bound by these certifications, and will not be allowed to produce or rely upon any documents not yet produced that would be responsive, if this case proceeds to trial.

### D. REQUEST TO EXTEND FACT DISCOVERY

HPES asks the Court to extend fact discovery because of the number of depositions that remain to be taken and Plaintiffs' failure to produce discovery requested.

After considering this motion as well as other discovery motions filed by the parties, the Court believes that all parties have been equally complicit in discovery delays and gamesmanship. Another motion is pending. Many requests have been redundant, irrelevant and unnecessary. Documents have been dumped on the opponent. Counsel have failed to cooperate with a level of civility the Court expects of

practitioners. Many cases – far more complicated than this – are never brought to the Court with discovery disputes of this magnitude.

A settlement conference is scheduled for May 3, 2018. If the case does not settle, the Court will discuss outstanding discovery and decide if the discovery deadline should be extended. Until then, discovery should continue.

## III. CONCLUSION

For the foregoing reasons, the Court:

1. **GRANTS IN PART** HPES's request that Sofer, Weiss and Newman be compelled to produce documents responsive to subpoena requests;

2. **GRANTS** HPES's request that Plaintiffs' use of Mr. Shaposhnik's hard drive should be limited to only those files they have identified as relevant;

3. **DENIES** HPES's request that Plaintiffs be compelled to respond to its discovery request; and

4. **HOLDS IN ABEYANCE** HPES's request that the Court extend fact discovery.

**IT IS ORDERED**.

S/ Victoria A. Roberts  
Victoria A. Roberts  
United States District Judge

Dated: 4/24/18