UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YONA SHAPOSHNIK, ET AL.,

    Plaintiffs,

v.                                    Case No. 16-13945
                                      Honorable Victoria A. Roberts.

HP ENTERPRISE SERVICES, LLC,

    Defendant.
_____/

**ORDER REGARDING:**

1.     **PLAINTIFFS' MOTION TO COMPEL RESPONSES TO FIRST SET OF INTERROGATORIES [DOC. 110] AND**

2.     **DEFENDANT'S MOTION TO COMPEL PLAINTIFFS TO ANSWER DEFENDANT'S INTERROGATORIES AND PRODUCE DOCUMENTS RESPONSIVE TO DEFENDANT'S REQUEST FOR PRODUCTION [DOC. 97]**

The Court reviewed the Joint Submission on Status of Discovery Issues [Doc. 119].

**1.**     **Issues raised by Plaintiffs' Motion to Compel [Doc. 110] concerning Defendant's position that the Intellectual Property Assets "relate to EDS' business" (Plaintiffs' Interrogatories 2, 6, 10, 14, 17).** [1]

Defendant HP Enterprise Services, LLC ("HPES") has been ordered to "identify its products and services that are related to the patents at issue, and supplement any discovery responses already furnished which purport to provide this information."

---

[1] On page 3 of the Joint Submission, the Plaintiffs refer to Interrogatories 1, 10, 13, 14 and 17.

HPES uses the terminology "non-exclusive list of products" in response to Interrogatories. The Court requires HPES to provide an "<u>exhaustive</u>" list of products, not a "non-exclusive" list. It must also provide an approximate time frame for when it provided each good and service referred to in Interrogatory answers.

HPES offers to provide witnesses who can give testimony on the "relatedness" issue. The Court will require HPES to identify 30(b)(6) witnesses who are best able to do that in light of its written discovery answers.

**2.     Defendant's Assertion of Privilege Regarding Legal Determinations.**

Defendant says it does not intend to offer evidence that it reached a legal conclusion concerning the fairness and deliberateness of its investigative process, since Plaintiffs are dismissing claims for wrongful termination, defamation and anti-trust. The Court will take HPES at its word. Further, any legal conclusions drawn by Defendant's counsel during its investigation and termination of Mr. Shaposhnik will be inadmissible at trial.

**3.     Production of Mr. Shaposhnik's emails in Defendant's possession.**

The Court finds that HPES has sufficiently responded to this request.

**4.     Defendant's Agreements with General Motors.**

It appears this issue is resolved. HPES is to produce its agreements with General Motors related to Mr. Shaposhnik's work for General Motors.

**5.     Extension of Time to Conclude Fact Discovery.**

The Court disposed of Plaintiffs' Motion for Leave to File Third Amended Complaint in Doc. 120. There is no reason to extend fact discovery. However, to ensure the parties are able to finish the final few tasks related to fact discovery, the

Court extends to deadline to January 9, 2019. NO FURTHER EXTENSIONS WILL BE GIVEN. All other deadlines remain unchanged

The Joint Submission on Status of Discovery Issues does not address any outstanding issues with respect to Defendant's Motion to Compel Plaintiffs to Answer Defendant's Interrogatories and Produce Documents Responsive to Defendant's Request for Production [Doc. 97]. Accordingly, the motion is **MOOT**.

This Order disposes of Plaintiffs' Motion to Compel First Set of Interrogatories and Defendant's Motion to Compel Plaintiffs to Answer Defendant's Interrogatories and Produce Documents Responsive to Defendant's Request for Production.

**IT IS ORDERED**.

s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: 12/19/18